IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIARE LAMAR BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:22-cv-124 |
| | ) District Judge Stephanie L. Haines |
| S.C.I. LAUREL HIGHLANDS, *et al.* | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM ORDER**

This is a civil rights case brought by Plaintiff Niare Lamar Brown ("Plaintiff"), an inmate at S.C.I. Laurel Highlands. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On October 21, 2022, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 10) recommending that Plaintiff's Complaint (ECF No. 2) should be dismissed. Specifically, Magistrate Judge Pesto recommended that the claims against Defendant S.C.I. Laurel Highlands should be dismissed without leave to amend, as Defendant S.C.I. Laurel Highlands is not a person amenable to suit under 42 U.S.C. §1983. However, Magistrate Judge Pesto recommended that Plaintiff's Eighth and First Amendment claims against the remaining prison staff Defendants should be dismissed with leave to amend. Plaintiff was advised that, as a non-ECF user, his objections to the Report and Recommendation (ECF No. 10) were due on November 7, 2022. Plaintiff did not file objections, and the time to do so has passed.

Upon review of the record and the Report and Recommendation (ECF No. 10) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100

1

(3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter, as amended herein.

Magistrate Judge Pesto correctly states that Plaintiff cannot maintain a Section 1983 claim against Defendant S.C.I. Laurel Highlands. Magistrate Judge Pesto also correctly determined that Plaintiff fails to sufficiently state his Eighth Amendment excessive force and harassment claims and his First Amendment retaliation claims against the remaining prison staff Defendants, but that it is not clear that amendment of these claims would be futile at this time. *See Grayson v. Mayview State Hosp.* 293 F. 3d 103, 114 (3d Cir. 2002) (holding that, under 28 U.S.C. §1915, a court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile). Though Plaintiff failed to amend his claims within the time to do so under Magistrate Judge Pesto's Report and Recommendation (ECF No. 10), the Court will grant Plaintiff additional time to amend his claims and will order Plaintiff to file his amended complaint on or before January 3, 2023 in accordance with this Memorandum Order. Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 1st day of December, 2022, for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation (ECF No. 10), which is adopted as the Opinion of the Court as amended herein, it is ORDERED that Plaintiff's claims in his Complaint (ECF No. 2) against Defendant S.C.I. Laurel Highlands are DISMISSED with prejudice; and,

IT IS FURTHER ORDERED that Plaintiff's remaining claims in the Complaint (ECF No. 2) are DISMISSED without prejudice; and,

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an amended complaint on or before **January 3, 2023**.

                                                                         _____
Stephanie L. Haines
United States District Judge