IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIARE LAMAR BROWN,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>LT. YOST, *et al.*  )<br>)<br>Defendants.  )<br>) | Civil Action No. 3:22-cv-124<br>District Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

### MEMORANDUM OPINION AND ORDER

This is a civil rights case brought by Plaintiff Niare Lamar Brown ("Plaintiff"), an inmate at S.C.I. Laurel Highlands. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

By way of background, on October 21, 2022, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 10) which recommended that Plaintiff's Complaint (ECF No. 2) should be dismissed. Specifically, Magistrate Judge Pesto recommended that the claims against Defendant S.C.I. Laurel Highlands should be dismissed without leave to amend, as Defendant S.C.I. Laurel Highlands is not a person amenable to suit under 42 U.S.C. §1983. However, Magistrate Judge Pesto recommended that Plaintiff's Eighth and First Amendment claims against the remaining prison staff Defendants should be dismissed with leave to amend. Plaintiff was advised that, as a non-ECF user, his objections to the Report and Recommendation (ECF No. 10) were due on November 7, 2022. Plaintiff did not file objections, and this Court adopted the Report and Recommendation (ECF No. 10) as the Opinion of the Court and ordered Plaintiff to file his amended claims on or before January 3, 2023 (ECF No. 11).

Despite being granted leave to amend his claims, Plaintiff did not file an amended complaint by the deadline imposed by the Court. Accordingly, on May 10, 2023, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 13) which recommended that Plaintiff's Complaint (ECF No. 2) should be dismissed. Plaintiff was advised that, as a non-ECF user, his objections to the Report and Recommendation (ECF No. 13) were due on May 30, 2023. Plaintiff did not file objections, and the time to do so has passed.

Upon review of the record and the Report and Recommendation (ECF No. 13) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter, as amended herein.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a litigant fails to prosecute his case or to comply with a court order. *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 642 Fed. Appx. at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting *Briscoe*, 538 F.3d at 258).

In *Poulis v. States Farm Fire & Cas. Co.*, the Third Circuit Court of Appeals set forth the

following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984).

In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe*, 538 F.3d at 263. However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

A review and assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. As to his personal responsibility, Plaintiff failed to amend his claims or seek any other relief from the Court on this matter. As to the second *Poulis* factor, Plaintiff's failure to litigate his claims or to comply with orders of Court frustrates the resolution of this action and plainly prejudices Defendants. *See Azubuko v. Bell National Organization*, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal). On the third *Poulis* factor, Plaintiff has been dilatory as he has not filed an amended complaint, nor taken any action to otherwise advance this lawsuit, for over seven months. With respect to the fourth *Poulis* factor,

3

Plaintiff did not file an amended complaint and has not taken any action to prosecute this action, even after Magistrate Judge Pesto issued his Report and Recommendation (ECF No. 13) which recommended dismissal of this matter. As to the fifth *Poulis* factor, Magistrate Judge Pesto correctly stated in the Report and Recommendation (ECF No. 13) that dismissal without prejudice is the minimal sanction possible. Lastly, as to the merits of Plaintiff's claims, the Court already determined that Plaintiff cannot maintain a Section 1983 claim against Defendant S.C.I. Laurel Highlands and that he failed to adequately state his Eighth Amendment excessive force and harassment claims and his First Amendment retaliation claims against the prison staff Defendants. The *Poulis* factors weigh in favor of dismissal.

In this case, Plaintiff has ignored multiple orders of Court and failed to take any action to advance his case in over seven months. Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 26th day of July, 2023, for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation (ECF No. 13), which is adopted as the Opinion of the Court as amended herein, IT IS HEREBY ORDERED that Plaintiff's Complaint (ECF No. 2) shall be DISMISSED without prejudice for failure to prosecute; and,

IT IS FURTHER ORDERED the Clerk of Court shall mark this case CLOSED.

Stephanie L. Haines
United States District Judge